UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JESS ORAN SKAGGS** | : | **DOCKET NO. 2:07-cv-1093**<br>**Section P** |
| **VS.** | : | **JUDGE MINALDI** |
| **ALBERTO GONZALES, ET AL.** | : | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Currently before the court is a petition for a writ of *habeas corpus* filed by *pro se* petitioner, Jess Oran Skaggs, pursuant to 28 U.S.C. § 2241. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. §636(b)(1)(B).

## FACTS

Petitioner originally filed this petition on February 18, 2007 in the United States District Court for the District of Columbia, challenging his February 24, 2006 convictions for violations of 18 U.S.C. § 922(k) and 18 U.S.C. § § 922(b)(5) and 924(a)(1)(D) in the United States District Court for the Northern District of Texas and the Western District of Texas, respectively. Petitioner was sentenced to a term of 60 months by each court, with the sentences to run concurrently. Upon review by the U.S. District Court for the District of Columbia, the district judge determined that the petition should be transferred to the U.S. District Court for the Western District of Louisiana due to the fact that petitioner is incarcerated in this district.

The D.C. Court noted that although petitioner filed this petition under 28 U.S.C. § 2241, he was actually attacking both of his convictions, a challenge more appropriately brought in a § 2255 Motion to Vacate. However, because petitioner claimed that the Texas courts lacked jurisdiction over

his cases due to the fact that they are "legislative territorial courts", the D.C. court found that this petition was invoking the "savings clause" in § 2255 and transferred the petition to this court.[1]  This case was transferred and filed in this court on June 25, 2007.

Petitioner expressly filed this action under 28 U.S.C. § 2241, seeking to be heard in the U.S. District Court for the District of Columbia because he states it is a "constitutional court" rather than a "legislative-territorial court."

## LAW AND ANALYSIS

Section 2241 is the proper vehicle used to attack the manner in which a sentence is being executed, and §2255 is the proper means of attacking errors that occurred during or before sentencing.[2] *Ojo v. INS*, 106 F.2d 680, 683 (5th Cir.1997).

Petitioner's claim for *habeas corpus* relief rests entirely upon the premise that the Texas convictions and sentence are invalid.  He expressly seeks to have his convictions vacated and his sentence set aside as a result of events which occurred prior to and during his sentencing.  The petition is devoid of any claim solely directed to the manner in which the sentence is being executed.

"A petition under § 2241 attacking custody resulting from a federally imposed sentence may

---

[1] "Only the custodial court has the jurisdiction to determine whether a petitioner's claims are properly brought under § 2241 via the savings clause of § 2255. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir.1999)." *Padilla v. U.S.* 416 F.3d 424, 426 (5th Cir. 2005).

[2] This court is not the proper forum for such a claim inasmuch as a §2255 motion should be filed in the court where the criminal conviction and sentence were imposed.  A motion to vacate sentence is ordinarily presented to the judge who presided at the original conviction and sentencing. *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).  28 U.S.C. §2255 provides, in pertinent part,
> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the <u>court which imposed the sentence</u> to vacate, set aside or correct the sentence. (emphasis added).

be entertained only where the petitioner establishes that the remedy provided for under [28 U.S.C.] §2255 is 'inadequate or ineffective to test the legality of his detention.' " *Cox v. Warden, Federal Detention Center*, 911 F.2d 1111 (5th Cir. 1990) citing *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979). The burden of demonstrating the ineffectiveness of a §2255 petition rests squarely on the shoulders of the petitioner. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (per curiam); *Henderson v. Haro*, 01-30852 (unpublished) (5th Cir. 2002)(affirming *Henderson v. Haro*, 2:01-cv-204 (W.D. La.2001). Two factors must be satisfied before a petitioner may file a §2241 petition in connection with the §2255 savings clause. First, the claim must be "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Second, it must have been "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first §2255 motion." *Id.*; *Henderson, supra.*

     This petition fails to satisfy this test. Petitioner has not made any allegations which would lead this court to conclude that the remedy under §2255 is an inadequate or ineffective means for challenging his detention. Petitioner's only argument which can be construed as a basis for finding § 2255 to be an inadequate remedy is his characterization of the Texas courts as legislative and not constitutional, thereby lacking jurisdiction over him and his criminal proceedings. This argument goes to the merits of his attack on his convictions and is not sufficient to invoke the savings clause of § 2255 and permit petitioner to attack his conviction and sentence under § 2241. Additionally, the fact that petitioner may not be time-barred from filing a § 2255 petition does not render the remedy of § 2255 "ineffective or inadequate." *Tran v. Conner,* 275 F.3d 1081 (5th Cir. 2001), citing *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir.2000). Accordingly, this petition should be dismissed for lack of jurisdiciton. *See Tran, supra..*

Accordingly,

IT IS RECOMMENDED that the petition for writ of *habeas corpus* filed pursuant to §2241 be DISMISSED for lack of jurisdiction.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, July 13, 2007.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE